**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | 2:99-CR-148 |
| | ) | |
| JASON MARVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Modification of Conditions of Probation, filed by Defendant, Jason Marvin, through counsel, on January 21, 2015 (DE #54). For the reasons set forth below, the motion (DE #54) is **GRANTED IN PART** and **DENIED IN PART. THE TERMS OF CONDITION OF PROBATION SHALL BE MODIFIED AS SET FORTH IN THIS ORDER.**

BACKGROUND

Marvin pled guilty to both possessing child pornography and possessing material involving sexual exploitation of children. He was sentenced to 168 months of imprisonment on one count, and 120 months imprisonment on the other count, with the terms to run concurrently. He was also sentenced to five years of supervised release on one count, and three years of supervised release on the other count, to run concurrently.

After his release, Marvin violated the terms of his supervised release. As a result, on October 18, 2012, Marvin was sentenced to 3 months of incarceration to be followed by 57 months of supervised release.

Marvin again violated the conditions of his supervised release and on January 8, 2015, this Court imposed a 6-month term of imprisonment to be followed by a 47-month term of supervised release. This Court incorporated the conditions of supervised release imposed previously, and provided the parties with an opportunity to provide written objections within 10 days.

The Defendant has filed the instant motion pursuant to 18 U.S.C. §3583(e), and this Court has jurisdiction to modify his probation conditions. 18 U.S.C. § 3563(e); Fed. R. Crim. P. 32.1(c). Furthermore, because the instant motion does not require resolution of any disputed issue of material fact and Defendant has waived his right to a hearing, no hearing is necessary.

DISCUSSION

Standard Condition on Travel Restriction

> Condition: *The defendant shall not leave the judicial district without the permission of the Court or probation officer.*

The Defendant argues that this condition imposes unnecessary restrictions on him because he lives in a location where areas directly surrounding his home are located in the Southern District of Indiana. In light of this circumstance, the Court feels that

the Defendant's proposed modification is appropriate, as it does not significantly hinder the ability of the probation department to monitor his whereabouts. The following modification is **GRANTED:**

> Revised Condition: *The defendant shall not leave the state of Indiana without the permission of the Court or probation officer.*

Standard Condition Regarding Answering Inquiries

> Condition: *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

The Seventh Circuit, in *United States v. Thompson*, expressed concern that this provision "essentially asks for a waiver of the right not to be forced to incriminate oneself..." *U.S. v. Thompson*, 777 F.3d 368, 378 (7th Cir. 2015); *see also U.S. v. Kappes*, 782 F.3d 828, 850 (7th Cir. 2015). The Defendant has proposed a modification which the Court finds satisfies the concerns expressed in *Thompson*, and the Government does not object. Accordingly, the following modification is **GRANTED:**

> Revised Condition: *The defendant shall answer truthfully inquiries by the probation officer and instructions of the probation officer regarding compliance with the conditions of the defendant's supervised release.*

Standard Condition Regarding Supporting Dependants

> Condition: *The defendant shall support her dependents and meet other family responsibilities.*

Because Marvin has no dependents, this condition is **REMOVED**.

Standard Condition Regarding Frequenting Places Where Controlled Substances are Sold, Used, etc.

> Condition: *The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.*

Because this language is vague and overboard, the following modification is **GRANTED**:

> Revised Condition: *The defendant shall not knowingly remain in the presence of other individuals while such individuals are illegally distributing or using controlled substances.*

Standard Condition Regarding Associating with Felons

> Condition: *The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.*

Because this language is vague and overbroad, the following modification is **GRANTED:**

> Revised Condition: *The defendant shall not knowingly remain in the presence of other individuals while such individuals are engaged in criminal activity.*

Standard Condition Regarding Visitation by the Probation Officer

> Condition: *The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.*

Under the facts of this case, this Court does not believe the provision is overly broad. Defendant has had his supervised release revoked twice, and has demonstrated that he cannot control his impulse to contact minors. Nonetheless, the request for modification is **GRANTED** and condition will be modified to limit the

4

times when visits may occur.

> Revised Condition: *Defendant shall permit a probation officer to visit him between the hours of 6:00 a.m. and 11:00 p.m., at home or elsewhere.*

Standard Condition Regarding Third Party Notice

> Condition: *As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.*

Because no particularized third-party risk has been identified, this condition is **REMOVED**.

Special Condition Prohibiting Consumption of Alcohol and Mood Altering Substances

> Condition: *While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition No. 7.*

Defendant objects to this condition on the grounds that the phrase "mood altering substances" is vague, and that he does not have a history of alcohol abuse such that a total ban on consumption of alcohol is necessary.

The PSR indicates that the defendant used alcohol as a means to prey upon minors. As a result, this Court believes that a total ban on the consumption of alcohol is necessary in order to reduce the risk of recidivism, provide defendant with rehabilitation, and provide public protection. The "mood altering substance" language

will, however, be removed. A modification is **GRANTED** as follows:

> Revised Condition: *Defendant shall not consume alcohol and shall submit to random blood-alcohol or breathalyzer testing. The defendant shall pay the costs of this testing if financially able to do so.*

Special Condition on Polygraph Examinations

> Condition: The defendant shall participate in sex offender testing and evaluation to include psychological, behavioral assessments and/or polygraph examinations as a mean to ensure compliance with program requirements and restrictions. The defendant shall pay all or part of the costs for the participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court.

Marvin argues that this broad infringement on his rights should be removed. In light of the modifications made in this order, there is even more need for Probation to be able to ensure compliance with the remaining conditions. Other courts have upheld similar polygraph provisions. *See, e.g., United States v. Sines*, 303 F.3d 793, 801 (7th Cir. 2002) (upholding supervised release condition that defendant attend intensive sex offender treatment program requiring polygraph testing); *United States v. Dotson*, 324 F.3d 256, 261 (4th Cir. 2003) (finding imposition, as condition of supervised release, of potential use of polygraph tests in conjunction with treatment was not abuse of discretion). Nonetheless, the Court will **GRANT** a modification as follows:

> Revised Condition: *At the direction and discretion of the probation officer, the defendant shall participate in an approved psychological and behavioral testing, evaluation, and assessment program for the treatment and monitoring of sex offenders and, if warranted, an approved sex-offender group*

*and individual counseling program. The defendant shall comply with all of the requirements and restrictions of those programs and pay the costs of these rehabilitative programs if financially able to do so.*

Special Condition on Ongoing Treatment

Condition: *The defendant shall enter and attend sex-offender-specific group and individual counseling at an approved outpatient treatment program, if warranted from the testing, evaluation and assessments and shall abide by all program requirements and restrictions.*

The Defendant objects to this condition claiming it is vague because it is not clear who determines if treatment is "warranted." This concern has some merit, but is adequately addressed by the condition set forth in the preceding section. Accordingly, this condition is **REMOVED.**

Special Condition Regarding Pornography

Condition: The defendant shall not view or listen to any form of pornography, sexually stimulating material, or sexually oriented material or patronize locations where such material is available.

Martin argues this condition is unconstitutional under *United States v. Adkins*, 743 F.3d 176, 193-94 (7th Cir. 2014), because the activity charged does not relate to viewing pornography, and therefore, the condition should be removed.

In response, the Government agrees that the condition must be reworded. The Seventh Circuit stated in *Adkins* that:

7

> We recognize the difficulty of drafting special
> conditions in this context. We therefore emphasize
> that various options remain open, including (1)
> defining the crucial terms in the existing special
> condition in a way that (a) provides clear notice
> to Adkins (preferably through objective rather than
> subjective terms), (b) includes a mens rea
> requirement (such as *intentional* conduct), and/or
> (c) is not broader than reasonably necessary to
> achieve the goals of 18 U.S.C. § 3553(a)(2)(b),
> (a)(2)(c), and (a)(2)(D), see § 3583(d); and (2)
> narrowing the scope of proscribed conduct, such as
> by (a) focusing on child pornography, which federal
> statutes objectively define, *see, e.g.*, 18 U.S.C. §
> 2256(8), and/or (b) focusing on particular
> establishments such as strip clubs, adult
> bookstores, and adult theaters.

*Adkins*, 743 F.3d at 196 (emphasis in original).

This Court is hesitant to remove this condition regarding viewing adult pornography. As the Seventh Circuit has recognized in *United States v. Siegel*, 753 F.3d 705, 709 (7th Cir. 2014), there is scientific literature on both sides of the fence about whether denying access to legal pornography would make a sex offender more or less likely to commit other crimes. Nonetheless, the Seventh Circuit has again suggested that such limits are problematic. *See Kappes*, 782 F.3d at 853-54. Accordingly, a modification is **GRANTED** as follows.

> Revised Condition: *Defendant shall neither possess nor have under his control any matter that depicts or describes sexually explicit conduct as defined by 18 U.S.C. § 2256 involving a person under the age of 18.*

Special Condition on Internet Services

> Condition: *The defendant shall not have access to a computer [with] internet services and the probation officer shall have access to the defendant's personal computer to verify the same.*

The Seventh Circuit Court of Appeals has recently been critical of supervised release conditions that unduly burden a probationer's access to the internet. In *Goodwin*, the defendant pleaded no contest to a charge of an attempted lewd and lascivious act in the presence of a child. *United States v. Goodwin*, 717 F.3d 511, 523 (7th Cir. 2013). There, the Court found that requiring him to install internet monitoring software on his computers was not "reasonably related to [his] offense, history, and personal characteristics," largely because "[t]he record does not indicate that a computer played any role" in his conviction or that he ever used a computer to commit any crime. *Id.* at 523. Additionally, "[g]iven the nature of [defendant's] convictions," the Court was "at a loss to see how this broad search and seizure authority" was connected to the defendant's offense, history, personal characteristics, or how it was related to furthering deterrence and protecting the public. *Id.*

In *Kappes*, the Seventh Circuit upheld a supervised release condition requiring computer monitoring, but specifically noted that it was a more narrowly tailored condition than one that the D.C. Circuit reversed in *United States v. Malenya,* 736 F.3d 554 (D.C. Cir. 2013). In *Malenya*, the supervised release condition,

9

like the one at issue here, provided for a total ban on internet access without prior approval of probation.

The modified condition proposed by Defendant is narrowly tailored to the offense at issue, and will still allow Defendant access to a computer with internet service for a variety of purposes including paying bills, searching for work, finding telephone numbers, utilizing mapping programs, etc. A modification is **GRANTED** as follows:

> Modified Condition: The defendant may not use the internet to advertise photography, modeling, or other services to minors. If the probation officer has reasonable suspicion to believe that the defendant has used the internet in a prohibited manner, the probation officer may have access to the defendant's personal computer to verify compliance with this condition.

Special Condition on Searches at Any Time

> Condition: *The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant.*

Defendant argues that this condition is overbroad and imposes a greater deprivation of liberty that is reasonable necessary. Under the facts of this case, where Defendant has a history of preying on minors and it has already been demonstrated that a lengthy prison sentence has not succeeded in deterring his behavior, a condition of probation that authorizes significant searches of the Defendant and his property is warranted.

Nonetheless, in light of the Seventh Circuit's recent opinion in *Kappes*, this Court agrees that the condition should be modified. *See Kappes*, 782 F.3d at 850-51. The provision will be amended to permit searches during specific hours. Also, it is noted that any search beyond plain view requires the approval of a judicial officer. Accordingly, with the new restriction on times that searches may take place, the Court believes the condition is no longer overbroad. The modification is **GRANTED** as follows:

> Revised Condition: *Defendant shall submit his/her person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, to search between the hours of 6:00 a.m. and 11:00 p.m., with or without a warrant, by any law enforcement or probation officer having "reasonable suspicion" concerning a violation of a condition of supervision or unlawful conduct by defendant. However, any search beyond "plain-view" requires prior approval of a Judicial Officer.*

Special Condition on Contact with Minors

> Condition: *The defendant shall not frequent places where children under the age of 18 congregate, nor associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, without the permission of the probation officer. This provision does not encompass persons under the age of 18 with whom the defendant must deal in order to obtain ordinary and usual services.*

Defendant argues that this condition is impermissibly vague and not appropriate under the facts of this case. The Court in *United States v. Goodwin*, noted with regard to a similar provision that "while we agree that such a condition may be appropriate in certain circumstances, we caution that these circumstances are less common than the government suggests." 717 F.3d 511, 524 (7th Cir.

2013). Again, Defendant has demonstrated that a lengthy prison sentence was insufficient to deter him from continuing to prey on minors. He does not have minor children. The provision allows him to have contact with children that is incidental to obtaining ordinary and usual services. Furthermore, the Court will modify the provision to include a scienter requirements. With this addition, the provision is not overly broad or vague under the facts of this case.

> Revised Condition: *Defendant shall not knowingly and intentionally: (1) frequent places where children under the age of 18 congregate; or (2) associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the prior permission of the probation officer. This condition does not encompass children under the age of 18 with whom defendant must deal to obtain ordinary and usual commercial services.*

**DATED: May 20, 2015**             **/s/ RUDY LOZANO, Judge**
                                                       **United States District Court**